UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV-P90-M

**STEPHON L. TRAMBER**                                                                      **PLAINTIFF**

**v.**

**BILL BILLINGS** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff initiated this civil action under 42 U.S.C. § 1983. He alleges that as an inmate in the Daviess County Detention Center he was subjected to verbal, physical, and sexual abuse by Defendants in violation of the Eighth and Thirteenth Amendments. After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the complaint to go forward and entered a scheduling order on August 14, 2008. The scheduling order directed Plaintiff to file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter no later than January 30, 2009 (DN 9). The scheduling order stated that Plaintiff's failure to comply with the order could result in dismissal of the case. Plaintiff failed to file a pretrial memorandum in compliance with this order.

Defendants have moved to dismiss the case for lack of prosecution (DN 22). As grounds for their motion, they cite Plaintiff's failure to comply with the pretrial order, his failure to respond to the motion for summary judgment filed on October 22, 2008, his failure to respond to interrogatories served on November 4, 2008, and his failure to respond to their motion to compel filed on January 13, 2009. Plaintiff likewise failed to respond to the motion to dismiss filed on February 9, 2009.

A defendant may move for dismissal of an action under Rule 41(b) of the Federal Rules of Civil Procedure "for failure of the plaintiff to prosecute or to comply with these rules or any

order of court." Fed. R. Civ. P. 41(b). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Plaintiff's failure to comply with the scheduling order and respond to Defendants' dispositive motions show a pattern of failing to pursue his claim. Therefore, by separate Order, the Court will dismiss the instant action. *See* Fed. R. Civ. P. 41(b)

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4414.010

2